

E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Estate of Marilyn E. Roberts | * | Case No. | 05-26653 ESD |
| | * | Chapter | 13 |
| | * | | |
| Debtor | * | | |

**MEMORANDUM AND ORDER DISMISSING, SUA SPONTE,
CASE FILED BY A DECEDENT'S ESTATE**

On July 25, 2005, a Chapter 13 petition was filed on behalf of the Estate of Marilyn E. Roberts, by Marilyn Dorsey as the "Executor of the Estate of Marilyn E. Roberts." The petition was signed by Marilyn Dorsey in her capacity as executor of the Estate of Marilyn E. Roberts. The petition was not filed by Ms. Dorsey personally, but rather in her representative capacity on behalf of the probate estate of Marilyn E. Roberts.

The court will, sua sponte, dismiss this case. A decedent's estate, even when represented by a individual fiduciary, is not a person that may be a debtor under the Bankruptcy Code. Only a person may be a debtor. 11 U.S.C. § 109(a). A person includes individuals, partnerships and corporations. Id. at § 101(41). The definition of a person does not include a decedent's estate. See Id. at §§101(41), 101(9). Estate is included in the definition of entity. Id. at § 101(15). If Congress had intended to include estates in the definition of person, and thereby to allow estates to file a bankruptcy petition, estates would not have been specifically included only within the separate definition of entity. In re

1

Walters, 113 B.R. 602, 604 (Bankr.D.S.D. 1990), citing In re Estate of Whiteside by Whiteside, 64 B.R. 99, 100-01 (Bankr.E.D.Cal. 1986).  Other courts addressing the question of whether an insolvent decedent's estate is a person and therefore eligible for relief under the Bankruptcy Code have uniformly found that the definition of debtor excludes insolvent decedents' estates.  See, e.g., In re Goerg, 844 F.2d 1562, 1566 (11th Cir. 1988), cert. denied, 488 U.S. 1034 (1989)(dicta), and the cases cited therein.  See also In re Bunch, 249 B.R. 667, 671 (Bkrtcy.D.Md. 2000)(distinguishing between eligibility of individual heir to file a bankruptcy petition from prohibited filing by decedent's estate).

Congress expressly recognized that "[t]he definition [of person] does not include an estate or a trust, which are included only in the definition of 'entity' . . . ."  H.R.Rep. No. 595, 95th Cong., 1st Sess. 313 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin.News 5963, 6270; S.Rep. No. 989, 95th Cong., 2d Sess. 25 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5811).  See In re Goerg, 844 F.2d at 1566; In re Walters, 113 B.R. at 604. The definition of person states that it "includes individual, partnership, and corporation." 11 U.S.C. § 101(41).  The term "includes" is not limiting. Id. at §102(3).   Nevertheless, courts have long concluded Congress left no doubt that an estate was not included in the definition of person.  In the Matter of 299 Jack-Hemp Associates, 20 B.R. 412, 413 (Bankr.S.D.N.Y. 1982);  In re Brown's Estate, 16 B.R. 128 (Bankr.D.D.C. 1981).

There are other reasons why the probate estate of a decedent should be ineligible to initiate a request for relief under the Bankruptcy Code.  While an authorized representative of a probate estate may be an individual, he or she is not a debtor seeking a fresh start.  Because the represented principal here is a probate estate, there is no fresh start available.  Further, this case was filed under Chapter 13.  Only an individual may be discharged in Chapter 13, because only an individual may be a debtor under Chapter 13.  11 U.S.C. §§ 109(e), 1328.  "Whereas the policy of the Bankruptcy Code is to provide debtors with a 'fresh start', this policy is not met by the Bankruptcy Court's administration of the estate of a deceased individual."  Matter of Jarrett, 19 B.R. 413, 414 (Bankr.M.D.N.C. 1982).

2

The bankruptcy court should not assume control of the administration of a probate estate. Probate administration is specialized and greatly detailed within state law. See, e.g., Md. Estates & Trusts Code Ann. (2001 Repl. Vol. and 2004 Supp.). No overriding bankruptcy policy or concern is furthered when a bankruptcy court enters this complicated arena. "The main reason cited by these [bankruptcy] courts in denying an insolvent probate estate access to bankruptcy is that Congress, through the Bankruptcy Code, elected not to extend bankruptcy to insolvent decedents' estates since probate systems developed by the individual states are a comprehensive and specialized machinery to administer such estates." In re Walters, 113 B.R. at 604. Cf., In the Matter of 299 Jack-Hemp Associates, 20 B.R. at 413; Matter of Jarrett, 19 B.R. at 414; In re Brown's Estate, 16 B.R. at 128. The bankruptcy court has no power or jurisdiction pursuant to the Bankruptcy Code to administer probate estates, and a probate estate must find recourse in the appropriate state court. In re Brown's Estate, supra.

The public purposes of probate administration and of bankruptcy administration are quite different. The laws of probate are designed to carry out the wishes of a testator expressed in a will or trust or in intestate statutes with respect to the distribution of property to survivors. Bankruptcy laws reallocate insufficient assets among present creditors. Where there are insufficient assets for creditors, the priority of distribution is different. Compare, e.g., Md. Estates & Trusts Code Ann. § 8-105 (2001 Repl. Vol.) and 11 U.S.C. §§ 507, 727.

The court does not find that if an individual debtor had filed for bankruptcy before his or her death, the bankruptcy could not be completed and the debtor discharged. In that scenario the debtor's intention is ultimately carried out, because the bankruptcy petition would have been filed by the debtor before his death. "It is possible that the estate of an individual who files for bankruptcy and subsequently dies could be administered in a Chapter 7 or 11 case, depending on the circumstances. A decedent's estate, however, may not file bankruptcy or convert to a different chapter under the

3

Bankruptcy Code." In re Burner, 109 B.R. 216, 222 n. 3 (Bankr.W.D.Tex. 1989). Federal Rule of Bankruptcy Procedure 1016 specifically provides:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as thought the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under Chapter 11, 12, or 13, the case may be dismissed; or if further administration is possible and in the best interests of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

In the instant case the decedent, when alive, did not file for bankruptcy. Consequently, the court does not have authority pursuant to Federal Rule of Bankruptcy Rule 1016 to administer the decedent's estate.

In conclusion, this probate estate is not a person or an individual. Therefore, the purported debtor is not eligible for relief. The administration of probate estates is specialized and greatly detailed within the laws of individual states, and this court will not disrupt those laws.

For the foregoing reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the bankruptcy case of the Estate of Marilyn E. Roberts, Case No. 05-26653 ESD is dismissed, sua sponte.

cc:    Marilyn Dorsey, Executor of the Estate of Marilyn E. Roberts
       1426 Division Street
       Baltimore, MD  21217

       Gerard R. Vetter, Esq.
       Chapter 13 Trustee
       7310 Ritchie Highway
       Suite 715
       Glen Burnie, MD 21061-3293

       U.S. Trustee

       All Creditors

**End of Order**

Case 05-26653    Doc 7    Filed 08/16/05    Page 5 of 5

5